UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyreese M. McKay, | Court File No. |
| Plaintiff, | |
| vs. | COMPLAINT WITH JURY DEMAND |
| Hennepin County; Sheriff's Deputy Jason Wong, Sheriff's Deputy Daniel Koski, and Sheriff's Deputy Reed Hendrickson, in their individual and official capacities, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and Minnesota state law.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

3. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

4. Plaintiff Tyreese M. McKay ("Mr. McKay") is an individual person of full age and a resident of the State of Minnesota.

5. Defendant Hennepin County is a municipal corporation and the public employer of the individual Sheriff's Deputy Defendants. Hennepin County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

6. Sheriff's Deputies Jason Wong ("Deputy Wong"), Daniel Koski ("Deputy Koski"), and Reed Hendrickson ("Deputy Hendrickson") were at all times relevant to this complaint duly appointed and acting Hennepin County Sheriff's Deputies employed by Hennepin County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Hennepin County.

## **FACTS**

7. On July 8, 2021, Mr. McKay was working for the MAD DADS organization outside of the Salvation Army shelter at 1010 Currie Avenue, Minneapolis. He was wearing his green MAD DADS t-shirt. His role was to keep the peace among shelter residents and provide them with needed resources such as more permanent housing options.

8. Throughout his shift, Mr. McKay saw a Hennepin County Sheriff's Deputy squad repeatedly patrolling the area. The Deputies saw him at several points throughout his shift.

9. Mr. McKay agreed to give a shelter client a ride downtown when he finished his shift. When Mr. McKay finished his shift, he began to drive away from the area with the client in his car.

10. The same Hennepin County Sheriff's Deputy squad he had seen patrolling the area pulled up behind him and turned on its lights.

11. Mr. McKay believed the Deputies were in a hurry. He drove his car into the next lane to allow them to pass.

12. The Deputy's squad car moved in behind him. At that point, Mr. McKay realized they were attempting to stop his vehicle. He pulled to the curb and stopped immediately.

13. Mr. McKay got out of the vehicle to speak to the Deputies.

14. One of the Deputies told Mr. McKay to get back into his car. However, as he began to return to his vehicle, the Deputy grabbed and shoved him, knocking him to the ground.

15. Other Deputies joined, with one jumping on his back and ribs and another jumping on his leg.

16. Mr. McKay sustained an ankle fracture as well as cuts and scrapes on his face that have left permanent scars.

17. Mr. McKay was handcuffed tightly. He sustained cuts on his left wrist from the cuffing. He sustained scars on his wrist that persist.

18. After arresting Mr. McKay, the Deputies searched his vehicle and claimed to find marijuana.

19. Mr. McKay was charged with Fifth Degree Possession of Marijuana, a felony, and Obstructing Legal Process, a gross misdemeanor, case 27-CR-21-12859.

20. Mr. McKay was held in jail overnight.

21. When Mr. McKay attended his court hearing on March 22, 2022, he learned that the charges had been dismissed by the prosecutor's office "in the interest of justice."

22. As a result of the charges, Mr. McKay lost his job with MAD DADS and has had difficulty finding steady, full-time employment since.

23. As a result of Defendants' actions, Mr. McKay experienced excessive force with resultant injuries including a fractured ankle, facial and wrist injuries, suffered deprivation of freedom and liberty, was falsely arrested and held for overnight, suffered harm to his reputation, lost his employment, experienced psychological trauma and distress, and suffered diminished quality and enjoyment of life.

24. As a result of Defendant's actions, Mr. McKay has experienced financial loss including lost wages and medical expenses.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE, FALSE ARREST AND EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANTS

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Based on the above factual allegations, the Defendant Deputies, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizure, false arrest and excessive force under the Fourth Amendment to the United States Constitution when they brutalized Plaintiff, handcuffed, arrested and held Plaintiff without probable cause or legal justification.

27. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST (*MONELL* VIOLATION) AGAINST HENNEPIN COUNTY

28. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

29. Prior to July 8, 2021, Defendant Hennepin County developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in Hennepin County or in the custody of the Hennepin County, which caused the violations of Plaintiff's constitutional rights.

30. It was the policy and/or custom of Defendant Hennepin County to inadequately supervise and train its employees, including Defendant Deputies Wong, Koski, and Hendrickson, thereby failing to adequately prevent and discourage constitutional violations on the part of its employees.

31. As a result of these policies and/or customs and lack of training, employees of Defendant

Hennepin County, including Defendant Deputies Wong, Koski, and Hendrickson, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

32. These policies and/or customs and lack of training were the cause of the violations of Plaintiff's constitutional rights alleged herein.

33. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: FALSE ARREST/IMPRISONMENT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

34. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

35. Based on the above factual allegations, the Defendant Deputies unlawfully stopped and arrested Plaintiff without legal justification.

36. Defendant Hennepin County is vicariously liable to Plaintiff for the Defendant Deputies' false arrest/imprisonment.

37. As a direct and proximate result of this false arrest/imprisonment, Plaintiff suffered damages as aforesaid.

### COUNT 4: ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

38. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

39. Based on the above factual allegations, individual Defendants assaulted Plaintiff. Specifically, Defendant Deputies Wong, Koski, and Hendrickson engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching when they tackled, attacked and assaulted Plaintiff, all without justification.

40. As a direct and proximate result of this assault, Plaintiff suffered damages as aforesaid.

### COUNT 5: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

41. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

42. Based on the above factual allegations, Individual Defendants battered Plaintiff. Specifically, Defendant Deputies Wong, Koski, and Hendrickson engaged in intentional, offensive, and unpermitted contact with Plaintiff when they tackled, attacked and assaulted Plaintiff, resulting in injuries, all without justification.

43. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 6: MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

44. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

45. Based on the above factual allegations, Defendant Deputies Wong, Koski, and Hendrickson committed malicious prosecution when they intentionally and with malice caused Plaintiff to be prosecuted for Fifth Degree Possession of Marijuana, a felony, and Obstructing Legal Process, a gross misdemeanor without probable cause and without reasonable belief that the prosecution would succeed. The prosecution terminated in Plaintiff's favor when all criminal charges against Plaintiff were dismissed by the prosecutor "in the interest of justice."

46. Defendant Hennepin County is vicariously liable to Plaintiff for the Defendant Deputies' malicious prosecution.

47. As a direct and proximate result of this malicious prosecution, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all counts set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of exemplary damages to Plaintiff against Defendant City of Minneapolis pursuant to Minn. Stat. 13.08, subd. 1.

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

April 11, 2023                             By:   s/ Paul J. Bosman
                                                 Paul J. Bosman
                                                 Attorney License No. 0388865
                                                 Attorney for Plaintiff
                                                 2136 Ford Parkway, #5328
                                                 Saint Paul, MN 55116
                                                 Tel: (651) 485-7046
                                                 Email: paul.bosman@gmail.com